## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| CANDICE SMITH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CIV-22-01002-JD |
| | ) | |
| CITY OF NORMAN, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

Before the Court is the Motion to Dismiss ("Motion") [Doc. No. 6] filed by the City of Norman (the "City"). The Motion seeks partial dismissal of Candice Smith's ("Smith") complaint [Doc. No. 1] under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. For the reasons stated below, the Court GRANTS the Motion.

## I.    BACKGROUND

The City employed Smith as a lab technician from around March 4, 2021 to July 19, 2021. *See* Compl. [Doc. No. 1] ¶¶ 6, 7. Around June 28, 2021, Smith told her supervisor that she was pregnant. *Id.* ¶ 9. Smith alleges that, shortly after talking to her supervisor, she was confronted by her manager who "seemed to disapprove" of Smith's "large family." *Id.* ¶¶ 10, 13. Smith maintains that, despite performing her job satisfactorily, she was involuntarily terminated on July 19, 2021 due in part to her gender—"including her pregnancy and wanting a larger family." *Id.* ¶¶ 14, 16.

Smith argues that the City violated her rights under Title VII of the Civil Rights Act of 1964 by discriminating against her on the basis of her gender. Smith also argues

that the City violated her rights under the Oklahoma Anti-Discrimination Act ("OADA")

for the same reason. The City seeks to dismiss her claim relating to the OADA.

## II.   LEGAL STANDARD

In considering a motion to dismiss under Rule 12(b)(6), the inquiry is "whether the

complaint contains 'enough facts to state a claim to relief that is plausible on its face.'"

*Ridge at Red Hawk, LLC v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007) (quoting

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Under this standard, "all well-

pleaded factual allegations in the . . . complaint are accepted as true and viewed in the

light most favorable to the nonmoving party." *Moore v. Guthrie*, 438 F.3d 1036, 1039

(10th Cir. 2006) (citation omitted). However, "[t]hreadbare recitals of the elements of a

cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v.

Iqbal*, 556 U.S. 662, 678 (2009).

For a claim to be plausible, the allegations must show "more than a sheer

possibility that a defendant has acted unlawfully." *Id.* Rather, a plaintiff must plead

"factual content that allows the court to draw the reasonable inference that the defendant

is liable for the misconduct alleged." *Id.* If the allegations in a complaint "are so general

that they encompass a wide swath of conduct, much of it innocent, then the plaintiffs

'have not nudged their claims across the line from conceivable to plausible.'" *Robbins v.

Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (quoting *Twombly*, 550 U.S. at 570).

## III.   ANALYSIS

Oklahoma has adopted the doctrine of sovereign immunity for all tort claims

brought against "[t]he state, its political subdivisions, and all of their employees acting

within the scope of their employment" but has waived that immunity "to the extent and in the manner provided in" the Governmental Tort Claims Act ("GTCA"). Okla. Stat. tit. 51, § 152.1(A). "The liability of the state or political subdivision under [t]he [GTCA] shall be exclusive and shall constitute the extent of tort liability of the state, a political subdivision or employee arising from common law, statute, the Oklahoma Constitution, or otherwise." *Id.* § 153(B). "Any person having a claim against the state or a political subdivision within the scope of Section 151 et seq. of this title shall present a claim to the state or political subdivision for any appropriate relief. . . ." *Id.* § 156(A). "[C]laims against the state or a political subdivision are to be presented within one (1) year of the date the loss occurs. A claim against the state or a political subdivision shall be forever barred unless notice thereof is presented within one (1) year after the loss occurs." *Id.* § 156(B).

Smith brings a tort claim under the OADA, which states in relevant part,

> In order to have standing in a court of law to allege discrimination arising from an employment-related matter, . . . an aggrieved party must, within one hundred eighty (180) days from the last date of alleged discrimination, file a charge of discrimination in employment with the Attorney General's Office of Civil Rights Enforcement or the Equal Employment Opportunity Commission alleging the basis of discrimination believed to have been perpetrated on the aggrieved party.

Okla. Stat. tit. 25, § 1350(B). She maintains that because she filed an employment discrimination charge with the Equal Employment Opportunity Commission ("EEOC"), she does not also have to provide the state or political subdivision with notice as required

3

by the GTCA.

Smith relies heavily on *Duncan v. City of Nichols Hills* in support of her position. 1996 OK 16, 913 P.2d 1303. In *Duncan*, the Oklahoma Supreme Court held that a plaintiff who brought a discrimination claim under the OADA did not have to comply with the general notice requirements in the GTCA. *Id.* at 1309. Since "the remedial objectives" of the statute were "analogous to the objectives of the federal Civil Rights provisions," the Court determined that the GTCA notice provisions were "preempted with respect to claims brought under 25 O.S. 1991, § 1901" of the OADA. *Id.*

However, since the *Duncan* decision, there have been several pertinent changes in Oklahoma law. First, the specific OADA provision that was at issue in *Duncan*, 25 Okla. Stat. § 1901, has been repealed. Second, the Oklahoma legislature has created a cause of action for employment-based discrimination in a separate section of the Oklahoma Statutes. *See* Okla. Stat. tit. 25, § 1350. Third, the OADA's stated purpose has been changed so that its language no longer explicitly refers to federal civil rights law. *See id.* § 1101.

But most importantly, at the time *Duncan* was decided, a "tort" was defined in the GTCA as "a legal wrong, independent of contract, involving violation of a duty imposed by general law or otherwise." Okla. Stat. tit. 51, § 152(11) (1994). Now, it is defined as "a legal wrong, independent of contract, involving violation of a duty imposed by general law, *statute*, the Constitution of the State of Oklahoma, or otherwise . . . ." *Id.* § 152(17) (emphasis added). Considering the state of the law in 1996, *Duncan*'s outcome is understandable. However, the post-*Duncan* developments that apply here show that the

case is no longer dispositive on this issue.

Smith argues that these changes do not matter since *Duncan* still supports the proposition that the OADA and GTCA "irreconcilabl[y] conflict" and therefore, the OADA 180-day claim provision trumps the "more general GTCA notice provision." Pl.'s Resp. [Doc. No. 9] at 3. This argument is based off a misunderstanding of both statutes. In *Duncan*, what irreconcilably conflicted with the GTCA was the now repealed statutory provision that allowed OADA employment discrimination claims based on handicap to be brought within two years. Because the GTCA required the claimant to either provide notice within one year or forever be barred from bringing the claim, the Oklahoma Supreme Court said the limitations provisions conflicted.

Here, there is no irreconcilable conflict. The OADA applies to all employers except for those specifically exempt by the statute; none of the exemptions are relevant here. So anytime an individual alleges employment-based discrimination against their employer, that individual must file a charge of employment discrimination with the Attorney General's Office of Civil Rights Enforcement or the EEOC within 180 days of the injury. However, if the employer against whom an individual is alleging employment discrimination is the state or a political subdivision of the state (as is the case here), the individual must, within one year, also present their claim to the state or political subdivision so that it has the opportunity to provide "any appropriate relief including the award of money damages." 51 Okla. Stat. § 156(A). These requirements are neither contradictory nor mutually exclusive. Instead, they work in conjunction with one another. Unlike the situation in *Duncan*, both requirements can apply to a claim simultaneously

5

without negating the other.

Accordingly, given the legislature's changes and the text of the GTCA and OADA, the Court determines in this case, as other judges in this district have also determined, that the plaintiff must allege compliance with the notice requirements set forth in the GTCA to plausibly set forth a claim under the OADA. *See Jones v. Indep. Sch. Dist. 89*, No. CIV-19-797-R, 2019 WL 6917896, at *1 (W.D. Okla. Dec. 19, 2019); *Hauck v. Putnam City Indep. Sch. Dist. I001*, No. CIV-20-390-G, 2022 WL 3654749, at *3 (W.D. Okla. Aug. 24, 2022). Here, according to Smith's complaint, she timely filed an EEOC charge of discrimination on January 4, 2022 and received her right to sue letter from the EEOC. This satisfies the OADA's requirements set out in § 1350. However, nowhere in Smith's complaint does she allege compliance with the GTCA. Since she has not alleged compliance with the GTCA, she has not shown in her pleading that the City has waived its sovereign immunity. Thus, Smith has failed to state a claim upon which relief can be granted.

## IV. **CONCLUSION**

For these reasons, the Court concludes that Smith has failed to adequately plead compliance with the GTCA's mandatory notice requirement. Consequently, the Court GRANTS the City's Motion to Dismiss [Doc. No. 6] and DISMISSES Count II of Smith's Complaint [Doc. No. 1]. The dismissal of Count II under Rule 12(b)(6) is without prejudice.[1]

---

[1] Should Smith seek leave to amend her Complaint, she should do so promptly and should comply with Federal Rule of Civil Procedure 15 and Local Civil Rule 15.1.

6

IT IS SO ORDERED this 5th day of October 2023.

JODI W. DISHMAN
UNITED STATES DISTRICT JUDGE